# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Arab Shah Construction Company | )     ASBCA No. 60553 |
| | ) |
| Under Contract No. H92237-11-C-0639 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Mohammad Edress
President

APPEARANCES FOR THE GOVERNMENT:     Col Matthew J. Mulbarger, USAF
Air Force Chief Trial Attorney
Gregory A. Harding, Esq.
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE TING ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Arab Shah Construction Company (appellant) filed a notice of appeal seeking compensation under a contract awarded and performed in Afghanistan. Because no proper Contract Disputes Act claim was filed with the contracting officer (CO), we dismiss the appeal for lack of jurisdiction.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In March 2011, Appellant was awarded a contract for $62,000 to construct a metal pole barn in the village of Mangwal,*Afghanistan (R4, tab 1).

2. By email dated 23 May 2011 at 3:35 PM, the CO, SSgt Aaron Waltersdorff, informed appellant that the pole barn was no longer needed at Mangwal, but "[i]f you can keep the same price [I] will send you a modification to change the location [to Gardez] and then you can keep this contract" (R4, tabs 2, 7).

3. Appellant responded that same day at 3:40 PM with "[o]kay no problem [I] want to be fair with us we have delivered our team and [materials] to Mangwell now we have return them to Gardez it cost us more money." The email string also includes conversations between appellant and the CO referencing other contracts between the parties. (R4, tab 7) (Syntax in original)

---

\* As the file contains numerous variations on the spelling of this village, we note the correct spelling is Mangwal.

4. Later that same day, 23 May 2011, the parties executed Modification No. P00001, changing the location for the pole barn from Mangwal to the village of Gardez, Afghanistan. The bilateral modification confirmed that the purpose of the modification was to change the location where the work would be performed and stated, "All other terms and conditions remain unchanged." (R4, tab 3)

5. A receipt dated 26 May 2011 indicates appellant paid $19,000 to American Alliance Logistic Services. The comments section of the invoice reads:

> Transportation of Materials from Mangwel to Gardez Paktia ONLY.
>
> The prime contractor is Arab Shah Construction Co, per our regulation, our company received advance payment for the transportation.

The description category on the invoice states: "Transportation of materials from Mangwel to Gardez Paktia Date of delivery 27 May 2011 or per KO, COR order." (R4, tab 8)

6. A pay voucher indicates appellant was paid $62,224.09 on 22 September 2011, $62,000.00 contract amount plus $224.09 in interest (R4, tab 4).

7. Appellant filed an undated notice of appeal received by the Board on 22 April 2016, alleging that it "never got the payment for the services yet, we did deliver the materials and all the equipments to the site." The Board docketed the appeal as ASBCA No. 60553.

8. On 17 May 2016, the government moved to dismiss the appeal for lack of jurisdiction because appellant never submitted a claim in a sum certain to a CO.

9. Appellant responded to the motion by email dated 11 June 2016, attaching a letter already sent to government counsel stating "We did provide modification show the location of project is change of after the delivery of materials, so it is strong proof show we did expend money for the delivery of materials from one location to other location." No copies of correspondence between appellant and the CO accompanied the response.

10. In an email dated 23 June 2016, the Board was copied on correspondence between the parties which indicated appellant was seeking payment for $19,000 in transportation costs due to the change in performance location (Bd. corr. file, email dtd. 23 June 2016). The email included an attachment, which when opened, revealed only a blank page (R4, tab 6). Appellant subsequently provided the government a screenshot of what it said was the attachment to the email string; an email dated 23 May 2011 at

4:13 AM, from the CO to appellant stating "I will pay your transportation and Escort Cost Send me your bill" (R4, tab 5).

## DECISION

The Contract Disputes Act (CDA) states, "Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The Board's jurisdiction depends on the submission of a claim to the CO, followed by a written CO's final decision or circumstances that permit a "deemed denial." *See Taj Al Safa Co.*, ASBCA No. 58394, 13 BCA ¶ 35,278 at 173,157-58 (citing *Engineered Demolition, Inc.*, ASBCA No. 54924, 06-1 BCA ¶ 33,125 at 164,151).

Appellant, as the proponent of the Board's jurisdiction, must establish that it submitted a written claim for payment to the CO. *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Although the CDA does not define the term "claim," it is defined in the Federal Acquisition Regulation (FAR) 2.101:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

There is no requirement that a "claim" be submitted in any particular form or with any particular words, but it must be in writing and provided to a CO, with "clear and unequivocal statement[s] that give the [CO] adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987).

In correspondence between the parties, it appears that appellant is seeking payment not for its work in providing the pole barn in question, but for equipment transportation costs due to the performance location change (SOF ¶ 10). Appellant provided an invoice indicating it paid $19,000 for transportation of materials from Mangwal to Gardez Paktia (SOF ¶ 5), but there is no evidence that the invoice or any request for payment of this amount was ever presented to the CO.

3

Appellant also provided an email from the CO to appellant stating "I will pay your transportation and Escort Cost Send me your bill," but the email date and time indicate it was sent 23 May 2011 at 4:13 AM (SOF ¶ 10), in the morning before the afternoon email conversations about changing the location of the pole barn (SOF ¶¶ 2, 3). The email contains no explanation indicating which transportation and escort costs were being discussed, nor is there correspondence in the record indicating any follow up by appellant to the CO regarding these costs. While an invoice once submitted to the CO for payment may be converted into a claim, *see* FAR 2.101, nothing here indicates that appellant ever presented an invoice for transportation charges to the CO.

There is no evidence that a claim in any form was presented to the CO for consideration. Such failure is fatal to our jurisdiction.

Under 41 U.S.C. § 7103(f)(1), the CO is required to issue a decision on any submitted claim of $100,000 or less within 60 days from receipt of the claim. Should the CO fail to issue a decision within the required time period, 41 U.S.C. § 7103(f)(5) authorizes an appeal to the Board on a "deemed" denied basis. If appellant disagrees with the CO's decision, it has 90 days from the date of receipt of the decision to appeal to this Board. 41 U.S.C. § 7104(a). Alternatively, it has 12 months from receipt of the CO decision to bring an action in the United States Court of Federal Claims. 41 U.S.C. §7104(b)(1), (3).

To promote informal, expeditious, and inexpensive resolution of disputes, 41 U.S.C. § 7105(g)(1), government counsel is to furnish appellant the name and address of the current CO as soon as he receives this decision.

## CONCLUSION

Arab Shah Construction Company may submit a claim in a sum certain amount to the CO. As it now stands, the appeal is dismissed for lack of jurisdiction.

Dated: 4 August 2016

PETER D. TING
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur                                    I concur

MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 60553, Appeal of Arab Shah
Construction Company, rendered in conformance with the Board's Charter.

        Dated:


                                    JEFFREY D. GARDIN
                                    Recorder, Armed Services
                                    Board of Contract Appeals


5